UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Joseph D. Thornblad,

    Petitioner,

v.

Commissioner of Human Services,
Lucinda Jesson, and
Attorney General Office,

    Respondents.

Civil No. 12-375 (JNE/SER)

**REPORT AND RECOMMENDATION**

---

This matter is before the undersigned United States Magistrate Judge on Petitioner Joseph D. Thornblad's ("Thornblad") application for habeas corpus relief under 28 U.S.C. § 2254. [Doc. No. 1.[1]] The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that this action be dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[2]

---

[1] The caption of Thornblad's pleading refers to 28 U.S.C. § 2241, rather than 28 U.S.C. § 2254. Thornblad is currently in custody pursuant to a state court judgment, however, so he can only seek federal habeas relief under § 2254. *Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("a 'person in custody pursuant to the judgment of a State court,'... can only obtain habeas relief through § 2254, no matter how his pleadings are styled") (quoting 28 U.S.C. § 2254(a), and citing *Felker v. Turpin*, 518 U.S. 651, 662 1996)). Thus, the current petition will be construed to be an application for relief under § 2254.

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## I. BACKGROUND

Thornblad has a long history of mental illness and violent criminal conduct. More than fifteen years ago, civil commitment proceedings were brought against Thornblad in the state district court for Renville County, Minnesota. At the conclusion of those proceedings, Thornblad "was committed for an indeterminate period as mentally ill and dangerous," and that ruling was subsequently affirmed by the Minnesota Court of Appeals. *In re Thornblad*, No. C0-96-1793, (Minn.App. 1996), 1996 WL 745221 at *1 (unpublished opinion).

Thornblad is still being held by the State of Minnesota pursuant to his 1996 civil commitment. Currently, he is detained at the St. Peter Regional Treatment Center in St. Peter, Minnesota.

Thornblad has challenged his ongoing civil commitment in several previous actions in state and federal court. *See e.g.*, *Thornblad v. Goodno*, Civil No. 05-1753 (RHK/SRN), (D.Minn. 2005), 2005 WL 2230410; *Thornblad v. Goodno*, No. A06-1620 (Minn.App. 2007), 2007 WL 236236, (unpublished opinion), *rev. denied*, Mar. 28, 2007; *Thornblad v. Windels*, Civil No. 07-1857 (RHK/SRN), (D.Minn. 2008), 2008 WL 1776575; *Thornblad v. Vue-Benson*, Civil No. 09-439 (JNE/SRN), (D.Minn. 2009), 2009 WL 703928; *Thornblad v. Ludeman*, Civil No. 10-4154 (JNE/SRN), (D.Minn. 2010), 2010 WL 6004377 (Report and Recommendation), 2011 WL 845819 (Order adopting Report and Recommendation). In the present case, Thornblad seeks a writ of habeas corpus that would cause him to be released from his civil commitment. The current petition lists a single ground for relief, which, repeated verbatim and in its entirety, is as follows:

> False Imprisonment
> The United States Supreme Court ruled that if the person is no longer dangerous then the person should be released.

(Petition, p. 3, § 9.)

As far as the Court can tell, Thornblad is not presently challenging the validity of the state court judgment that caused him to be committed, but rather, he is claiming that, regardless of the validity of the original commitment order, he should now be released from custody, because he is (allegedly) "no longer dangerous." Thornblad's current claim for relief, however, cannot be adjudicated on the merits, because he has not exhausted his state court remedies for that claim.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a person in state custody, unless the petitioner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982). The requirement that state remedies be exhausted is based on principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors that state prisoners assert. *O'Sullivan*, 526 U.S. at 844; *Rose*, 455 U.S. at 518-19; *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (*per curiam*).

The United States Supreme Court explained the exhaustion of state court remedies requirement as follows:

> Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted].

3

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Here, Thornblad failed to give the Minnesota state courts an opportunity to rule on his current claims for relief. Therefore, Thornblad has failed to satisfy the exhaustion of state court remedies requirement.

Moreover, there is a state court remedy that is available for Thornblad's current claims. Under Minnesota law, a person who has been committed civilly because he is mentally ill and dangerous can seek a discharge from custody under Minn.Stat. § 253B.18, subd. 5. That statute allows a civilly committed person to petition with the Minnesota Commissioner of Human Services. A "special review board" hears the petition and if the board determines that the petitioner is no longer mentally ill and dangerous, provisional or outright release may be ordered. *See* Minn.Stat. §§ 253B.18, subds. 7-15. If the petition is not granted, then petitioner can seek judicial rehearing and reconsideration. Minn.Stat. § 253B.19, subd. 2. If the request for judicial rehearing and reconsideration is denied, then the petitioner can seek further review in the Minnesota Court of Appeals. Minn.Stat. § 253B.19, subd. 5.

In this case, Thornblad has not pursued any available remedies under Minnesota law.[3] Because Thornblad has failed to exhaust his state court remedies, as required by § 2254(b), the claims raised in his current habeas corpus petition cannot be adjudicated on the merits. Instead,

---

[3] Several years ago, Thornblad did seek a discharge under the procedures prescribed by Minnesota law. See *Thornblad v. Goodno*, 2007 WL 236236. Presently, Thornblad is not seeking federal habeas review of those earlier proceedings, but rather, is now attempting to pursue **new** discharge proceedings. (If Thornblad were seeking federal habeas review of his state discharge proceedings from several years ago, this action would be barred by the one-year statute of limitations that applies to federal habeas corpus petitions. *See* 28 U.S.C. § 2244(d).) More than six months have passed since the conclusion of Thornblad's last state discharge proceedings, so he is currently eligible to commence new proceedings – **under state law** – to obtain a discharge from his civil commitment. Minn.Stat. § 253B.18, subd. 5.

this Court must recommend that this action be dismissed summarily due to non-exhaustion. The Court will, however, recommend dismissal **without prejudice**, so Thornblad can return to the state courts and attempt to exhaust his presently unexhausted claims. Thornblad may return to federal court, if necessary, after the state courts, including the Minnesota Supreme Court, have reviewed, and decided on the merits, all of the claims that he seeks to raise in federal court. *See Ashker v. Leapley*, 5 F.3d 1178, 1180 (8th Cir. 1993).[4]

Having determined that this action must be dismissed summarily due to non-exhaustion, the Court will also recommend that Thornblad's pending application to proceed *in forma pauperis*, (IFP), [Doc. No. 2], be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); *see also, Kruger v. Erickson*, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (*per curiam*) (IFP application should be denied where habeas petition cannot be entertained).

Finally, the Court notes that Thornblad has filed a request for "2 new judges." [Doc. No. 3.] Thornblad has offered no facts or legal authority in support of that request. Furthermore, Thornblad's current claims for relief cannot be addressed on the merits in any event, for the reasons discussed above. It is therefore recommended that Thornblad's request for "2 new judges" be denied.

## IV. CERTIFICATE OF APPEALABILITY

---

[4] If Thornblad ever does return to federal court with a new habeas corpus petition, (after exhausting his state court remedies), he will have to present his claims much more cogently than he has here. To obtain a writ of habeas corpus, Thornblad will have to show that his continuing custody violates some specific provision of the federal Constitution. 28 U.S.C. § 2254(a). Furthermore, Thornblad will have to show that he has fairly presented his federal constitutional claims to the Minnesota state courts, and the state courts' resolution of those claims is based on either (a) an objectively unreasonable application of relevant U.S. Supreme Court decisions, or (b) "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). Thornblad's current petition could not satisfy either of those standards.

A § 2254 habeas corpus petitioner cannot appeal a denial of his petition unless he is granted a Certificate of Appealability, ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. Daniel*, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Thornblad's claims any differently than they have been decided here. Thornblad has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Petitioner should **not** be granted a COA in this matter.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Thornblad's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, [Doc. No. 1], be **DENIED**;

2. Thornblad's application for leave to proceed *In Forma Pauperis*, (Docket No. 2), be **DENIED**;

3. Thornblad's request for "2 new judges," (Docket No. 3), be **DENIED**;

4. This action be summarily **DISMISSED WITHOUT PREJUDICE**;

5. Thornblad should **NOT** be granted a Certificate of Appealability.

Dated: March 14, 2012

*s/Steven E. Rau*
Steven E. Rau

6

United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 28, 2012** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.